PER CURIAM.
Defendant was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury on February 12, 1982, he was found guilty as charged. On April 28, 1982, the trial court then sentenced him to sixty-five (65) years’ imprisonment without benefit of suspension of sentence and probation or parole. Defendant has now appealed his conviction and sentences to this Court arguing the three assignments of error filed below.
We have reviewed defendant’s assignments challenging the trial court’s ruling on the voluntariness of his confession and find them without merit. Defendant’s conviction is therefore affirmed. However, we find merit in counsel’s argument that the trial court has imposed an excessive sentence in this ease. Defendant’s prior juvenile record, and the circumstances of his present offense, may have justified a finding that he warranted a substantial sentence of imprisonment. As we noted in State v. Douglas, 389 So.2d 1263, 1267 (La.1980) armed robbery is an offense “strongly condemned by our legislature” and punished accordingly. Nevertheless, we do not agree with the trial court’s conclusion that at the age of 17, this first felony offender has “[no] chance of rehabilitation” and that the court had “no other alternative” than to impose a sentence close to the maximum. Defendant’s sentence appears disproportionately severe when compared to the penalties imposed in other armed robbery cases with more aggravating circumstances. See, e.g., State v. Smith, 433 So.2d 688 (La.1983); State v. Williams, 414 So.2d 371 (La.1982) and when compared to the 15 year sentence imposed by a different judge on defendant’s co-perpetrator for the same degree of culpability.
*214 Accordingly, defendant’s conviction is affirmed but his sentence is vacated and the case remanded to the trial court for resen-tencing in accord with the law.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
BAILES, J., substitutes for MARCUS, J.
LEMMON, J., concurs.
WATSON, J., dissents from the remand for resentence.