REDMANN, Chief Judge.
Defendant appeals the overruling of his objection to the district court’s jurisdiction and his 20-year sentence on a guilty plea to aggravated burglary.
The jurisdictional plea — based on defendant’s age of 16 years at the time of the offense — is fully answered in State v. Penque, 439 So.2d 1060 (La.1983).
The 20-year sentence is not excessive. Defendant burglarized a church rectory where he had earlier resided. When one of the priests caught defendant in the act of burglary, defendant slashed the man’s mouth on both sides of his face and also slashed his throat with a knife.
In brief, “defendant concedes that his prior juvenile record (burglary of a business, robbery by purse snatching, and simple escape), and the circumstances of his present offense, may have justified ... a substantial sentence of imprisonment.” But defendant argues it excessive to impose two-thirds of the maximum sentence of 30 years because in effect based on “concluding that at the age of 16, this first adult felony offender has no chance of rehabilitation,” and because disproportionate to the five-year sentence of his co-burglar in juvenile court.
We disagree. Defendant is among the worst of first-offender aggravated burglars, and deserves a sentence towards the maximum. Defendant’s argument tracks State v. Dean, 438 So.2d 213 (La.1983), where a 17-year-old was sentenced to 65 years while his companion was sentenced to only 15 years “for the same degree of culpability.” There was not the same degree of culpability in our case because the co-burglar did not slash the victim’s face and throat. And our trial judge, unlike that in Dean, never uttered words like “no chance of rehabilitation”; he spoke only of the “severity of this incident” of “very violent crime.”
Affirmed.