454 So.2d 285 (1984)
STATE of Louisiana
v.
Darryl HAWTHORNE.
No. KA-1707.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1984.
Writ Denied October 5, 1984.
*286 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joanne C. Marier, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Howard McCurdy, Orleans Indigent Defender Program, New Orleans, for appellant.
Before GULOTTA, BARRY and CIACCIO, JJ.
GULOTTA, Judge.
Darryl A. Hawthorne was unanimously convicted by a jury of aggravated burglary in violation of LSA-R.S. 14:60. In his sole assignment of error on appeal, defendant contends his thirty year maximum sentence, with credit for time served, is excessive. We affirm.
At approximately 4 a.m. on July 4, 1983, the victim, who had been asleep with her infant child in her second story bedroom, awoke to find a man lying on top of her, covering her mouth with his hand, and repeatedly telling her "Don't cry, I will kill your baby". Upon resisting, the victim felt the man's hand choking her, but she succeeded in screaming. Her husband, who was attending to their second child in another room, thereupon chased the man downstairs and outside the residence for a short distance.
About 15 minutes later, at a distance of approximately 15 blocks from the crime scene, defendant was arrested as a suspect fitting the victims' description of the perpetrator. When returned to the residence minutes later, Hawthorne was identified by the victims. The victim's purse had been emptied and defendant was in possession of an incriminating quantity of coins and currency.[1] A knife (not owned by the victims) was also found on the victims' stairway, although defendant's fingerprints were not identified on it or elsewhere at the crime scene. Further, defendant stated spontaneously at the time of arrest that he had not meant to harm anyone.
Although defendant has not raised an assignment of error concerning the sufficiency of evidence to support the conviction, we have reviewed the documents in the record and the 52 page transcript of the jury trial in accordance with State v. Raymo, 419 So.2d 858 (La.1982). Viewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found defendant guilty of aggravated burglary beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982).
We now turn to defendant's arguments concerning the excessiveness of the sentence.
After verifying defendant's date of birth, the trial judge stated the following factual *287 basis for imposing a 30 year sentence upon the twenty-three year old defendant:
"The Court in this matter during the trial of this case heard the evidence and testimony presented finding the defendant had broken into this residence during the early morning hours, terrorized the victim herein, more particularly, by threatening to kill her young child, baby, in the crib next to the bed. The Court finds this an extreme factual situation where a mother and a wife, husband and family, sleeping in their home and invaded by a burglar on top of her threatening to kill her infant child.
Therefore, it's the judgment of this Court that the defendant be turned over to Custody of the Department of Corrections for the maximum penalty prescribed for Aggravated Burglary, thirty (30) years hard labor, credit for time served...."
Defendant argues that the imposition of the maximum sentence for his first burglary offense is "particularly suspect" because the trial judge's "blanket statement" at sentencing could refer to many other aggravated burglaries, each involving a potential threat to life since the intruder must be armed or commit a battery to be guilty of the offense. Defendant further contends the facts recited by the trial judge do not justify the maximum sentence. He points out further that there was no presentence investigation and that he did not even receive the benefit of his "apologetic and somewhat remorseful" post-arrest statement that he had "never intended to harm anyone."
Although the sentencing judge need not articulate every factor set forth in LSA-C.Cr.P. Art. 894.1, the record must show he adequately considered the sentencing guidelines. State v. Straughter, 406 So.2d 221 (La.1981); State v. Jenkins, 454 So.2d 282 (La.App. 4th Cir.1984). LSA-C. Cr.P.Art. 894.1 is satisfied, without the necessity for a remand, where evidence in the record clearly shows an adequate factual basis for the sentence. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Jenkins, supra.
Although the trial judge in the instant case did not enumerate the factors listed in LSA-C.Cr.P. Art. 894.1, he did consider the defendant's age and articulated a number of aggravating circumstances in this particular case, including the time of the crime, the defendant's terrorizing of the victim and the threat to kill her infant child. The record further indicates that the defendant had been convicted in December, 1982 for carrying a concealed weapon, and was on parole at the time of the instant offense.
Considering the nature of this crime and the aggravating factors involved, we cannot say the thirty year statutory maximum sentence imposed is unconstitutionally excessive as being "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless and needless imposition of pain and suffering." State v. Telsee, supra; State v. Prados, 404 So.2d 925 (La.1981).
We are not persuaded by defendant's argument that the trial judge failed to consider defendant's protestations that he had not intended to harm anyone. Defendant's self-serving statements after his arrest carry little, if any, weight as a mitigating factor. His choking of the victim and his threat to kill her child certainly demonstrated an intent and wherewithal to commit serious bodily harm. Under these circumstances, we do not find the thirty year sentence severe or unconstitutionally excessive.
Having so concluded, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] The victim testified that she had eighteen dollars in paper money and two handfuls of coins in her purse. A search of defendant revealed approximately the same amount of bills and coins.