470 So.2d 604 (1985)
STATE of Louisiana
v.
Jerry Lee HAMILTON.
No. 84 KA 1329.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*605 Ossie Brown, Dist. Atty., by Don Wall, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Robert Roux, Public Defenders' Office, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Jerry Lee Hamilton (defendant) was charged by bill of information with aggravated burglary. La.R.S. 14:60. Defendant waived his right to a trial by jury, and was convicted as charged following a bench trial. The trial court sentenced him to serve twenty years at hard labor. He has appealed, alleging five assignments of error:
1. The trial court erred in denying his motion for a mistrial.
2. The trial court erred in denying his motion for a directed verdict.
3. The verdict is not supported by the evidence.
4. The trial court imposed an excessive sentence.
5. The trial court erred in failing to comply with La.C.Cr.Pro. art. 894.1.
Defendant was charged with the aggravated burglary of his neighbor's home. At trial the victim testified that she was asleep in the same bed with her two children, when she was awakened at approximately 4:00 a.m. by the sound of breaking glass. Upon investigating the disturbance, she found that a glass door in her living room had been broken. She placed a telephone call to her mother and told her what had happened, and then called the police. The victim went into the bathroom and, on hearing a noise, turned to see defendant coming into the bathroom behind her. He asked her for money. When she told him that she had none, he knocked her into the bathtub and began to beat her. The victim's eight year old son was awakened by her screaming, and ran to the telephone to summon help. Defendant grabbed the telephone from the boy and beat him about the head with his hand. When the child's mother tried to intervene, he beat her about the head, threw her on the bed, and bit her external genitalia. The victim kicked defendant, knocking him over a heater, and ran to a neighbor's house. Shortly thereafter she flagged a passing police car and reported the incident. She testified that the lights were on in the bathroom and that she recognized defendant as "the man who stayed across the street with a girl named Sandra." On information supplied by the victim, the police apprehended defendant at his home. His face and hands were freshly cut and still bleeding. The victim identified him as the man who had attacked her, and he was arrested at that time. She positively identified defendant in court.

*606 ASSIGNMENT OF ERROR NUMBER ONE:
Defendant argues that the trial court erred in denying his motion for a mistrial based on the failure by the state to comply with a defense discovery motion.
Prior to trial, defendant had requested notification of any statements he was alleged to have made and the contents. Additionally, he requested the results of any scientific tests and experiments conducted in connection with the case. The state responded that no statements of any kind had been made by defendant, and the office of the district attorney had no knowledge of any scientific tests that had been conducted.
At trial, Detective Sharon Laird testified that defendant had made a brief statement to her with regard to the cuts and blood on his body at the time of his arrest, to the effect that he had sustained the scratches at work and had broken his hip falling down on his way home from a party the previous night. The statement had been included in her report. She further testified that several fingerprints had been removed from the glass and sent to be analyzed. Additionally, traces of blood found on the broken glass were sent to be typed. Defendant moved for a mistrial. The state responded that the reports received by the district attorney were incomplete and did not include the report of Detective Laird. Therefore, the answers provided in response to defendant's motion were based on the information which was in the State's file. The state added that there was no intention to introduce the statement or results of the blood tests at trial. The court denied the motion.
Defendant now argues that he was prejudiced by the failure of the state to comply with La.C.Cr.P. arts. 719, 722 and 729.3[1] which require disclosure of all confessions and inculpatory evidence. He argues that the state should have notified defendant on the morning of the trial when the existence and contents of Detective Laird's report were discovered. The failure of the state to comply with the discovery procedure will not automatically command reversal. State v. Sweeney, 443 So.2d 522 (La.1983). Defendant must show prejudice, and the court will review the record for a determination of whether any such prejudice which may have resulted from the non-compliance caused the trier of fact to reach the wrong conclusion.
The defendant had told Detective Laird that he received cuts and scratches in a fight at work. At trial he denied the existence of any cuts and scratches. Defendant now argues that the state was able to impeach his testimony on cross-examination because the court was aware of the existence and contents of a prior contradictory statement, and that, with notification, the defense might have undertaken a different strategy. Actually, defendant was notified. At a preliminary examination five months before trial Detective Laird testified to defendant's excuse for the cuts and scratches. Additionally, at trial the state did not try to introduce the statements. The contents came out only on defendant's attempt to secure a mistrial by verifying with Detective Laird that there was a statement. Also, under defendant's theory that there were no cuts and scratches the statement was inculpatory. Since the state did not use the inculpatory statement at trial, they were not required to submit it to discovery. La.C. Cr.P. art. 722. The state relied on eyewitnesses to show there were cuts and scratches, not on the statement. The record does not reveal any manner in which the trial court may have reached the wrong conclusion because it was aware of the contents of this statement.
*607 Defendant also argues that he was prejudiced by the failure of the state to reveal the fact that blood samples were taken and tested because this evidence might have been exculpatory. La.C.Cr.P. art. 719. Defendant bases this argument on the assertion that the victim did not positively identify appellant as the intruder, and thus the fingerprints and blood samples, in combination with the uncertain identification, created a reasonable doubt.
In contrast to defendant's assertion the record reveals that the victim positively identified defendant as the intruder no less than 11 times at trial and gave express reasons for her ability to recognize him. She also identified him immediately after the offense. In his reasons for denying the mistrial the court noted that even if the fingerprints and blood stains did not establish that defendant was the man who had broken the window, the victim's testimony positively identified him as the man who had attacked her, and this testimony would override the alleged exculpatory test results. In order to constitute reversible error the undisclosed exculpatory evidence would have to create a reasonable doubt that would not otherwise exist in the context of the whole record. State v. Johnson, 426 So.2d 95 (La.1983). From what the trial judge stated this obviously would not have been the case.
In any event, the state did not use the test results. Therefore, defendant would be entitled to them only if they were, in fact, exculpatory. La.C.Cr.P. art. 719. Once it was discovered that there were tests the record does not reflect that defendant was denied access to those tests. In fact, defendant was told where the test results were probably located, but did not pursue the matter. Consequently, there is no way for this court to know whether the results were inculpatory or exculpatory. La.C.Cr.P. art. 719 does not require the state to present the evidence to the defendant, but simply requires that the state allow a defendant access to that evidence. State v. Freeman, 447 So.2d 1145 (La.App. 3rd Cir.1984) writ denied, 449 So.2d 1356. Defendant cannot claim the evidence was exculpatory and therefore discoverable, merely by showing its existence. Where the existence of test results is discovered by the defendant at a point where those results could still be used at trial, there must be a further showing that at that point defendant was denied access to the results by the state. That did not occur here.
This assignment of error has no merit.

ASSIGNMENTS OF ERROR TWO AND THREE:
In these assignments of error, defendant questions the sufficiency of the evidence. In assignment of error number two, defendant argues that the trial court erred in denying his motion for a directed verdict. In assignment of error number three, defendant alleges that the verdict is not supported by the evidence.
The sole basis for these arguments is the conflict between the testimony of the victim and the defendant. The victim testified that she thought the intruder's hair was in plaits, that he was clean-shaven, and that his skin was a little lighter than it appeared in court. Defendant testified that on the date in question his hair was styled in a Jheri curl, he had a thick beard and mustache, and his skin color was the same. He argues now that in view of the conflict in the testimonies and the fact that the confrontation was made at four a.m. in a darkened house, it is reasonable that the victim was mistaken in her identification. Consequently, the state failed to prove beyond a reasonable doubt that defendant was the perpetrator of the offense.
The trier of fact may accept or reject, in whole or in part, the testimony of any witness, and conflicting testimony does not constitute insufficient evidence of the crime. State v. Sensley, 460 So.2d 692 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1374 (La.1985). The victim never waivered in her identification of defendant. The testimony of the victim is sufficient to establish the elements of an offense. State v. Johnson, 461 So.2d 1273 (La.App. *608 1st Cir.1984). The reliability of the victim's testimony is a matter of weight of the evidence. The determination of the weight to be given evidence is a question of fact for the trier of fact, and is not subject to appellate review. Johnson, 461 So.2d at 1277. The trial court did not err in refusing to direct a verdict of acquittal. These assignments of error have no merit.

ASSIGNMENTS OF ERROR FOUR AND FIVE:
In assignment of error number four, defendant argues that the trial court imposed an excessive sentence. In assignment of error number five, defendant argues that the trial court erred by failing to comply with the sentencing guidelines of La.C. Cr.P. art. 894.1.
The maximum sentence which the trial court can impose for a conviction of aggravated burglary is imprisonment at hard labor for thirty years. La.R.S. 14:60. Defendant was sentenced to serve twenty years at hard labor. Contrary to defendant's assertion that the trial court did not particularize the sentence to his particular case, the trial court noted defendant's consistent pattern of serious crime, and that the pattern was worsening. The court expressly indicated its concern for this specific crime because of the viciousness with which he attacked the persons within the house which he burglarized, and stated its opinion that rehabilitation, if possible at all, could only be accomplished by long term incarceration. The trial court has wide discretion in the imposition of sentences, and we do not find the sentence here to be an abuse of that discretion.
For the foregoing reasons the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 719 requires disclosure of the results of all tests intended to be used by the state at trial, and results that are exculpatory even if not intended for use at trial. La.C.Cr.P. art. 722 requires that confessions and inculpatory statements be disclosed if intended for use at trial and that exculpatory statements be disclosed regardless of intended use. La.C.Cr.P. art. 729.3 makes the obligation to disclose a continuing one.