WARD, Judge.
Lawrence Wilson was convicted of aggravated burglary and sentenced to twenty years at hard labor, with credit for time served, without benefit of probation, parole or suspension of sentence. Counsel for Wilson appeals, arguing two assignments of error. Wilson in a pro se brief also assigns and argues two errors.
Our review for errors patent reveals an error in Wilson’s sentence. La.R.S. 15:574.4 dictates when a person is eligible for parole and provides: “A person, otherwise eligible for parole, convicted of a first felony offense and committed to the Department of Public Safety and Corrections shall be eligible for parole consideration upon serving one-third of the sentence im-posed_” The statute under which Wilson was convicted, La.R.S. 14:60, is silent as to parole eligibility and thus La.R.S. 15:574.4 controls. Therefore, we vacate the sentence and remand for resentencing in accordance with this statute.
Wilson’s first assignment of error asserts that insufficient evidence exists to support a conviction for aggravated burglary. To determine if the record supports the verdict we must review it for sufficiency of the evidence under the standards of due process established by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Porretto, 468 So.2d 1142 (La.1985). Applying Jackson, we must consider the evidence in the light most favorable to the prosecution, and after considering the evidence in this manner, the question then becomes whether a rational trier of fact could conclude that the defendant’s guilt has been shown beyond a reasonable doubt.
The trial record shows that on August 8, 1984 Sheila Clovis, the victim, was awakened at approximately 10:30 p.m. by Lawrence Wilson, the defendant, who was looking for Clovis’ sister. The sister lived upstairs with her three children and Wilson. Clovis told Wilson that her sister was not there and to go home. Clovis went back to bed, but at approximately 2:30 a.m. she was again awakened by a loud noise. Clovis got up and closed the door to her bedroom and removed the door knob in order to protect herself and her three and one-half week old twins.
Wilson got a knife and pried open the bedroom door. He told Clovis that he wanted to “f— and I am coming to get some.” Wilson, who was intoxicated, hit Clovis in the head, arms and buttocks. At one point, he grabbed a spoke from the baby bed and began beating Clovis with that. The twins were asleep on Clovis’ bed and as Wilson went to move them, Clovis ran out of the room. Wilson caught Clovis and again beat her. Eventually, Clovis was able to get outside. She ran to a neighbor’s apartment and called the police and her brother Lawrence Clovis. Upon their arrival, the police could not locate Wilson. After the police left, Clovis saw Wilson and she told her brother to detain him until the police could return.
*963 Officers Sanford Johnson and John Hall of the New Orleans Police Department responded to this second call. They went to Clovis’ apartment and she led them upstairs where her brother was holding Wilson. Clovis identified Wilson and the officers arrested him. The officers noticed that Wilson smelled of alcohol and observed that Clovis had welts on her arms and head. After examining the crime scene, the officers determined that Clovis’ apartment had been entered by pushing out a plexiglass window and reaching in to open the door knob.
Wilson’s sister, Elaine Wilson Martin, testified that her brother and Clovis were more than just acquaintances. Martin testified that Clovis told her that Wilson was the father of Clovis’ twins. Clovis, however, denied this allegation.
The crime of aggravated burglary consists of the following elements: 1) the unauthorized entering of an inhabited dwelling, 2) with the intent to commit a felony or any theft therein, 3) if the offender is armed with a dangerous weapon, or after entering arms himself with a dangerous weapon, or commits a battery upon any person while in the dwelling. La.R.S. 14:60.
The State produced evidence of Wilson’s unauthorized entry into Clovis’ home where he committed a battery against Clovis. Wilson, however, argues that the State failed to prove that he had the requisite intent to commit a felony upon his entry into Clovis’ home. Specific criminal intent is defined in La.R.S. 14:10 as:
that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
Specific intent is a question of fact which may be inferred from the circumstances. La.R.S. 15:455; State v. Ricks, 428 So.2d 794 (La.1983). At the moment of entry, the defendant must intend to commit a felony. State v. Lockhart, 438 So.2d 1089 (La.1983).
Considering the above evidence in the light most favorable to the State, could a reasonable trier of fact have concluded that Wilson committed the crime of aggravated burglary?
In sum, the evidence most favorable to the State shows that shortly after Wilson’s unauthorized entry into the apartment, he forced his way into Clovis’ bedroom and informed her that he was going to have sexual intercourse with her. When Clovis refused, Wilson struck her first with his fist and then with a spoke from the baby bed. Wilson’s actions while inside Clovis’ apartment prove he entered for one reason only — to rape Clovis. Unquestionably, a reasonable trier of fact could have concluded beyond a reasonable doubt that Wilson entered without permission and had the intent, upon entry, to commit a felony and that he did commit a battery. We, therefore, affirm the conviction.
We also find no merit to Wilson’s second assignment of error that the imposition of a twenty year sentence is unconstitutionally excessive. The imposition of an excessive sentence is prohibited by Louisiana Constitution of 1974, art. 1, Section 20. A Trial Judge has great discretion in imposing a sentence within the statutory limits and it will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982). Yet even a sentence falling within the applicable statutory limits may constitute excessive punishment. State v. Reed, 409 So.2d 266 (La.1982).
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering. State v. Gulden, 399 So.2d 194 (La.1981), cert. denied 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it so disproportionate as to shock the sence of justice. State v. Reed, supra.
The Trial Court’s reasons for imposing sentence, as required by La.C.Cr.P. art. *964 894.1, are an important aid to this Court in reviewing an allegedly excessive sentence. The Trial Judge need not articulate every aggravating and mitigating circumstance; however, the record must reflect that he adequately contemplated the guidelines set forth in C.Cr.P. art. 894.1. State v. Grey, 408 So.2d 1239 (La.1982).
The Trial Judge in the present case recited the following reasons for the sentence:
Well, Mr. Wilson, a jury heard your case on the fifth day of February, 1985 and they returned a verdict of guilty as charged. The testimony showed that on the eighth day of August, 1984, you forceably entered the residence of Miss Clovis who you knew and that while in there you either tried to have sex with her and we definitely know that a slat was removed from a baby bed and Ms. Clovis was beaten and her two children were present when that happened. And, Ms. Clovis lives in the project and do so you and the entire incident is very scary and it is very, very upsetting for the whole community. The victim in this particular matter did not have a particularly spotless background, but that doesn’t mean that she cannot live in peace. Andf, when your attorney says that the injuries were slight, only as seen on the photographs, I would suggest to you that the injuries were much more in that her psyche, her emotions, her feelings, her fear, I mean, I would not feel secure in my home any more if someone were to come in, break in and beat the daylight out of me and then threaten to rape me and all of that. So, this is a very serious offense.
Considering the age of the defendant and the fact that he has no prior conviction, the court imposes a sentence of twenty years at hard labor. That sentence is without probation, parole or suspension of sentence. Court costs is waived.
The Trial Judge quite obviously individualized the sentence of the defendant, and we hold that the Trial Judge complied with C.Cr.P. art. 894.1.
Nor can it be said that the sentence imposed is so disproportionate to the severity of the crime as to shock this Court’s sense of justice. Wilson forced his way into Clovis’ apartment and then into her bedroom. He struck her and threatened to rape her. Wilson was so determined to beat Clovis that he pulled a spoke off the baby bed. Also, Clovis had just been released from the hospital three and one-half weeks earlier; she had had a Caesarean section for the birth of the twins. In view of these circumstances, incarceration for twenty years is not an abuse of discretion. This second assignment is without merit.
In addition to the alleged errors assigned by his appeal counsel, Wilson argues two assignments of error pro se.
He first contends that his statutory and constitutional right to confront his accusers was denied because defense counsel and the State stipulated to the testimony of Lawrence Clovis, the victim’s brother, and the stipulation was entered into evidence in lieu of live testimony. Lawrence Clovis’ testimony was stipulated because he was in the Marine Corps and therefore unavailable at the time of trial. The one-page stipulation states that Clovis was well-acquainted with Wilson who lived with his sister, Sandra Clovis. The stipulation further states that on August 8, 1984, Clovis went to Wilson's apartment and that Wilson appeared to have been drinking and that Clovis detained him without incident until the police arrived.
By stipulating to the content of Clovis’ testimony, defense counsel waived both objection to that testimony and the right to cross-examine Clovis. But this is not to say counsel’s decision was either incorrect in law or unwise in practice. In approving the stipulation, defense counsel found that there was nothing in it to which he would have objected and no points upon which he would have cross-examined Clovis in an attempt to discredit his testimony. Ordinarily complaints about decisions of defense counsel and allegations of incom *965 petence may not be raised by appeal, but are properly reserved for applications for post conviction relief. Nonetheless, because this is a pro se brief argument, we have considered the argument and we reject it.
The record clearly supports counsel’s decision, because the stipulation was apparently less harmful than the anticipated testimony of Lawrence Clovis, the victim’s brother. Moreover, Clovis’ stipulated testimony was unnecessary to the State’s case against Wilson and therefore, even if the stipulation was erroneously admitted into evidence, which it was not, it did not prejudice Wilson. As described above, the stipulation contains only background facts which were testified to by the victim and by the arresting police officers. No elements of the offense were even alluded to, much less proven by the stipulation.
Wilson argues that the stipulation did not conform to the formal requirements of La.R.S. 15:258 because he was not present when the stipulation was made and it was not signed by Lawrence Clovis. This argument has no merit because R.S. 15:258 provides the procedure for the taking of the deposition of an incarcerated witness. It does not apply to agreements between defense counsel and the prosecution regarding the testimony of an absent witness. There was no error in the making of the stipulation or in its admission into evidence, and for these reasons, we reject Wilson’s first assignment of error.
By his other assignment of error, Wilson contends that the Trial Judge erroneously instructed the jury. He argues that the Judge improperly responded to a question posed by the jury which had reported a deadlock in its deliberations, creating confusion with regard to the elements of the crime of aggravated battery. One of the jurors had asked whether she could “just vote on the element of battery.”
The Judge responded that
in a criminal case when a crime is charged, all of the elements of that crime have to be charged and battery is not charged. It is just charged that the battery allegedly was committed while there was a burglary, thereby elevating this particular allegation to an aggravated burglary. It is precisely that element which makes it an aggravated burglary part of the element. So, you cannot just separate all of the elements. All of the elements have to be satisfied in this particular case.
Wilson argues that this instruction by the Judge placed too much emphasis upon battery as an element of aggravated burglary and was an improper comment upon the evidence.
The Judge properly charged the jury with the definition of aggravated burglary before the deliberations began. The verdict form given to the jury properly listed the three responsive verdicts possible in the case: Guilty of aggravated burglary; Guilty of simple burglary; Not guilty. While battery may be an element of aggravated burglary, R.S. 14:60(3), it is not responsive verdict for that offense, La.C. Cr.P. art. 814(A)(42). Hence, the Trial Judge properly instructed the jury that Wilson was not charged and could not be found guilty of battery, as a separate offense, but that battery could be one of the elements of aggravated burglary. It cannot be said the Trial Judge improperly emphasized that element. Moreover, jury instructions, including clarifications given in response to jurors’ questions, must be reviewed in their entirety, and in the context of all of the instructions, there is no merit to the contention that Wilson was prejudiced by the Judge’s clarification regarding the element of battery. Accordingly, we reject Wilson’s second assignment of error.
For the reasons explained, Wilson’s conviction is affirmed, the sentence is vacated and the case is remanded for resentencing by the Trial Judge.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.