516 So.2d 202 (1987)
STATE of Louisiana
v.
Richard MICHAELS.
No. KA-6815.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1987.
*203 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Indigent Defender Program, New Orleans, for appellant.
Before BYRNES, LOBRANO and CADE, JJ.
LOBRANO, Judge.
Defendant, Richard Michaels, was charged by bill of information with the April 16, 1986 aggravated burglary of the residence of Robert J. Bernissant, a violation of La.R.S. 14:60.
Defendant was arraigned on June 3, 1986 and pled not guilty. On August 30, 1986, following a two day trial, a twelve member jury found defendant guilty as charged.
On September 4, 1986, defendant was sentenced to serve thirty (30) years at hard labor. On April 3, 1987 defendant was adjudicated a multiple offender pursuant to La.R.S. 15:529.1. Defendant's original sentence was vacated and defendant was resentenced to serve thirty-five (35) years at hard labor.
FACTS:
On April 16, 1986, sometime after midnight, Robert Bernissant was awakened by a noise in his apartment. When he got up to investigate he noticed defendant crouched in a corner of his living room. Defendant attacked Bernissant and a scuffle ensued. Defendant choked Bernissant and gouged his eyes. Bernissant broke free and ran to the door. Defendant pursued and attacked Bernissant again. Bernissant grabbed a ceramic vase and struck defendant in the head. Bernissant then fled the apartment, ran next door to his restaurant and called his long time friend, Alfred McNairn. Upon arriving at the restaurant, McNairn found Bernissant shaken and bleeding from wounds about his face. The police were summoned. A search of the apartment revealed Bernissant's cash box from the restaurant was missing. A search around the building revealed a pair of men's black boots with stacked heels lying on the ground next to a side wall. There were smudges up the wall leading to the window to Bernissant's apartment. It was speculated that a pipe running along the wall may have been used by defendant to climb up to the window.
Bernissant told police that during the scuffle he was able to hear his attacker's voice and see his profile in the light of a television set and that the attacker was defendant who worked for him at the restaurant as a dishwasher and busboy. Several witnesses stated seeing defendant earlier that night wearing boots similar to those found at the scene. Defendant's roommate stated that when defendant returned home at 4:30 a.m. the morning of the burglary, he was barefooted and his black boots were missing. A blood sample taken from a piece of the broken vase was the same type as that of defendant.
By his sole assignment of error, defendant contends his thirty-five (35) year sentence is excessive.
Defendant was adjudicated a third felony offender.
The penalty provision of La.R.S. 14:60 reads:
"... Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years."
La.R.S. 15:529.1A(2)(a) reads:
"... (2) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then,
(a) The person shall be sentenced to imprisonment for any term not less than one-half the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or ..."
Thus, the maximum sentence defendant could receive as a third felony offender is sixty (60) years.
The Louisiana Constitution prohibits the imposition of excessive punishment. Art. 1, Sec. 20. The imposition of a sentence, although within the statutory limit, *204 may violate a defendant's constitutional right against excessive punishment which is enforceable by this Court on appellate review. State v. Cann, 471 So.2d 701 (La. 1985); State v. Thomas, 447 So.2d 1053 (La.1984); State v. Soco, 441 So.2d 719 (La.1983); State v. Sepulvado, 367 So. 2d 762 (La.1979).
The trial judge must articulate reasons for an apparently severe sentence, tailoring it to the individual offender and the particular offense. State v. Thomas, supra; State v. Tilley, 400 So.2d 1363 (La.1981); State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986).
Code of Criminal Procedure Art. 894.1 sets forth criteria to be used by the trial court in its determination. The trial court need not articulate every circumstance cited, but it must indicate that it considered the 894.1 guidelines in tailoring the sentence of a particular defendant convicted of a particular crime. State v. Guiden, 399 So.2d 194 (La.1981). Not only the aggravating circumstances but the mitigating circumstances as well must be considered, State v. Franks, 373 So.2d 1307 (La.1979) and the Court must state the factual basis underlying its conclusion. State v. Saunders, 393 So.2d 1278 (La. 1981). Accordingly, the sentencing record must reflect that the trial judge considered the personal history of the defendant in addition to the seriousness of the crime and the post criminal history of the defendant. State v. Quebedeaux, 424 So.2d 1009 (La. 1982), affirmed on remand, 446 So.2d 1210 (La.1984); State v. Jones, 398 So.2d 1049 (La.1981); State v. Molinet, 393 So.2d 721 (La.1981).
A review of the record reflects that the sentencing Court considered all the factors listed in Art. 894.1.
The Court noted defendant's extensive criminal history both in this state and in other states. The Court stated that although it was not going to enumerate all the factors set forth in Article 894.1, it was aware of those factors and had considered both the aggravating and mitigating factors prior to sentencing. The Court noted that defendant had been unsuccessful with a previous probationary sentence. The Court further noted the serious and permanent nature of the injuries to Bernissant's eyes.[1]
Defendant pled guilty to the multiple bill. The Court then once again noted the severe injuries to Bernissant's eyes, the need for custodial treatment of defendant and its own consideration of the mitigating factors listed in Article 894.1.
While the sentencing judge is given great discretion in sentencing within statutory limits, this discretion is not unbridled. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Bradley, 414 So.2d 724 (La.1982); State v. Washington, 414 So.2d 313 (La. 1982). In reviewing a sentence, this Court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the particular crime keeping in mind that maximum sentences shall be reserved for the most egregious violators of the offense charged. State v. Quebedeaux, supra; State v. Jones, supra; State v. Davis, 485 So.2d 981 (La.App. 4th Cir.1986), writ den. 488 So.2d 1019.
The primary factors to be used in determining whether a sentence is constitutionally disproportionate are: (1) the nature of the offense; (2) the nature of the offender; and (3) a comparison of the defendant's punishment with the sentences imposed by the same court and other courts for similar crimes. State v. Telsee, 425 So.2d 1251 (1983).
Keeping in mind that maximum sentences are reserved for the most egregious and blameworthy of offenders, and comparing defendant's sentence with others within the same class we conclude that defendant's sentence is not grossly disproportionate.
*205 In State v. Williams, 448 So.2d 659 (La. 1984), the high Court upheld a twenty (20) year sentence where the defendant placed his hands on the victim's face and neck but did not harm her. The defendant had two prior convictions.
In State v. Howard, 414 So.2d 1210 (La. 1982), the high court upheld a thirty (30) year sentence for aggravated burglary and a fifty (50) year sentence for attempted rape where the defendant broke into the home of two elderly women, attempted to rape one, struck the other, threatened both with death and stole their money.
In State v. Hawthorne, 454 So.2d 285 (La.App. 4th Cir.1984), this Court affirmed a thirty (30) year sentence where the defendant entered the victim's home, attempted to choke her and threatened to kill her child. The defendant was on parole at the time of the offense.
In State v. Blatcher, 452 So.2d 787 (La. App. 4th Cir.1984), this Court affirmed a twenty (20) year sentence where the defendant burglarized a church and slashed a priest's throat. The defendant was sixteen years old at the time of the offense and had an extensive juvenile record.
In State v. Hamilton, 470 So.2d 604 (La. App. 1st Cir.1985), the Court affirmed a twenty (20) year sentence where the defendant broke into the victim's home and beat her and her son.
In State v. Collins, 470 So.2d 553 (La. App. 1st Cir.1985) and State v. Collins, 470 So.2d 549 (La.App. 1st Cir.1985), the Court affirmed two separate thirty (30) year sentences where the defendant in one case broke into the victims' home and fired shots at them and in the other broke into the victim's home and raped her.
In State v. Coleman, 450 So.2d 1063 (La.App. 1st Cir.1984), writ den. 456 So.2d 172 (1984), the Court affirmed a twenty-five (25) year sentence where the defendant, armed with a knife, broke into the victim's home but fled empty handed. The court noted the defendant had an extensive juvenile record and adult arrests including a conviction following his conviction in the instant case.
Although some of the above defendants had prior convictions and all received less than thirty-five (35) years for any one conviction, all were sentenced as first offenders. In the instant case, defendant was sentenced as a third felony offender. Defendant viciously attacked Bernissant choking him and gouging his eyes which resulted in permanent impairment of Bernissant's eyesight and untold pain and suffering.
Accordingly, we hold that defendant's assertion that his thirty-five year sentence as a third offender is excessive, is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The gouging of Bernissant's eyes resulted in the necessity for corrective surgery and permanent partial loss of vision.