EDMUND M. REGGIE, Judge Pro Tem.
On April 2, 1987 the defendant, Jessie Larry Willis, was convicted of aggravated burglary and aggravated battery, violations of La.R.S. 14:34 and La.R.S. 14:60. On June 24, 1987 the trial judge granted defendant’s motion to quash the aggravated battery verdict. On June 24, 1987 the defendant was sentenced to serve thirty years at hard labor for his aggravated burglary conviction. Defendant appeals his sentence, contending that the trial judge failed to comply with the sentencing guidelines in C.Cr.P. Art. 894.1, and contending that his sentence is excessive.
FACTS:
The defendant and Patrick Andrus had an on-going dispute over a woman. Linda Young had gone out with the defendant and had had a child by him, but for the last few years she had been the fiance of Patrick Andrus.
On July 22, 1986, at approximately 3:00 A.M., Andrus and Young were sleeping in Andrus’ home. Defendant came into the residence, appeared over Andrus’ bed and attacked the couple. Both Andrus and Young received serious multiple stab wounds. Andrus was stabbed in the back, groin, and twice in the rib area; Young suffered a cut windpipe, facial cuts and a cut on her arm.
Defendant was charged with two counts of attempted second degree murder and one count of aggravated burglary. Defendant was ultimately convicted of aggravated burglary.
ASSIGNMENTS OF ERROR NUMBER 1 and 2:
By these assignments of error the defendant argues that the trial court erred in failing to comply with the sentencing guidelines in La.C.Cr.P. Art. 894.1, and in sentencing him to an excessive sentence.
Defendant contends that the trial court erred in not applying the factors enumerated in Art. 894.1, and in failing to consider the relevant mitigating factors in passing sentence.
The trial judge is required to state for the record both the considerations he has taken into account and the factual basis for imposition of sentence. La.C.Cr.P. Art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). Articulation of the reasons for sentence under Art. 894.1 is especially important in cases where the maximum sentence is imposed. State v. Brockett, 471 So.2d 867 (La.App. 2 Cir.1985).
The trial court does not have to state every aggravating and mitigating factor, but the statutory guidelines in Art. 894.1 *78 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3 Cir.1983).
Important elements which should be considered include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981).
In passing sentence the trial judge considered that defendant’s conduct contemplated and caused serious harm. Art. 894(B)(1) and (2). The trial considered that the defendant did not act under any provocation, Art. 894.1(B)(3) and (5), and that the defendant has not compensated the victim for his medical expenses, Art. 894.1(B)(6). The trial judge did not note that the defendant was a first felony offender, but the sentencing transcript reflects that the trial judge was cognizant of this fact. The trial judge failed to mention any specific prior offenses but did state that the record shows that this is not the first time something like this has taken place. Art. 894.-1(B)(8). The trial judge adequately complied with Art. 894.1.
Defendant complains that the thirty-year maximum sentence which he received, after being convicted of aggravated burglary, is excessive. Defendant contends that because he is a first felony offender, and because he was intoxicated when he committed this offense, the maximum sentence was not appropriate for him.
Art. 1 Section 20 of the La. Const, of 1974 prohibits the imposition of cruel, unusual or excessive punishment. A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982).
The defendant received a sentence within the legislatively authorized range, but even a sentence within statutorily authorized limits can be reviewed for excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979).
Louisiana jurisprudence supports lengthy sentences for aggravated burglary convictions notwithstanding defendant’s youthfulness or first offender status. In State v. Pringle, 459 So.2d 76 (La.App. 2 Cir.1984), a sixteen-year-old defendant, who pleaded guilty to the crime of aggravated burglary, received a twenty-four-year sentence. The Second Circuit found that this sentence was not excessive because the offense involved a serious physical attack and beating of an elderly woman, and because the sentence was not the maximum.
In State v. Hawthorne, 454 So.2d 285 (La.App. 4 Cir.1984), writ denied, 457 So.2d 1201 (La.1984), a twenty-three-year-old defendant received a thirty-year maximum sentence for aggravated burglary. Defendant’s sentence was upheld, even though the defendant stated after his arrest that he, did not intend to harm anyone, because defendant had choked his victim and threatened to kill her baby, and because defendant was on parole at the time of the aggravated burglary.
In State v. Lewis, 430 So.2d 1286 (La.App. 1 Cir.1983), writ denied, 435 So.2d 433 (La.1983), the defendant raped and sexually assaulted his victim repeatedly for over two and one-half hours. Defendant was convicted and received the maximum sentence for forcible rape and aggravated burglary. Defendant’s maximum sentences were upheld even though he was a first felony offender and was employed during the time of the crime.
Maximum sentences are reserved for the most serious violations, of the charged offense, by the worst offenders. Quebedeaux, supra; State v. Robinson, 431 So.2d 104 (La.App. 1 Cir.1983).
Louisiana courts have held maximum sentences to be appropriate in aggravated burglary cases when serious harm results to the victims, notwithstanding defendant’s youth or first offender status. The defendant caused great harm to his victims. Patrick Andrus and Linda Young were attacked in their bed. Andrus was stabbed in his right arm, on both sides in the area *79 of his ribs, in the back, in the area of his right shoulder blade, and in the area of his groin. Young received facial cuts and a cut on her arm. Young ran out of the bedroom to call for help. While Young was on the telephone, the defendant pursued her and knocked her back into a coffee table cutting her in the neck. Defendant’s crime caused serious life-threatening harm to two victims.
Sentences are not to be set aside as excessive absent manifest abuse of discretion by the trial court. State v. Abercrumbia, 412 So.2d 1027 (La.1982). Considering the seriousness of the instant offense and the jurisprudence in factually similar cases, we conclude no abuse of discretion occurred here.
These assignments of error lack merit.
For the foregoing reasons, defendant’s sentence and conviction are affirmed.
AFFIRMED.