WILLIAMS, Judge.
This appeal principally involves judicial review of a criminal sentence to determine whether it is excessive under LSA-Const. Art. 1, Sec. 20.
Defendant, Freddie Walker, brought this appeal following his conviction for the aggravated burglary of an inhabited dwelling, in violation of LSA-R.S. 14:60. After a judge trial, held on October 18, 1986, he was found guilty as charged and sentenced on October 21, 1986 to serve twenty-five (25) years at hard labor. Through appellate counsel, Walker alleges that his sentence is unconstitutionally excessive. Walker’s additional pro se allegations assert that the record contains insufficient evidence to support his conviction for violating LSA-R.S. 14:60 and that the bill of information filed against him is defective.[1] After reviewing the record and finding no errors patent, we affirm defendant’s conviction and sentence because the evidence is sufficient to convict defendant of the crime charged, the defendant’s sentence is not unconstitutionally excessive, and the bill of information is not defective.
*758 FACTS
At approximately 1:30 a.m. on August 7, 1986, Glenn Cliff returned to his home at a rooming house on North Rampart Street. Arriving at the door to his room, he observed that one of the door panels appeared to have been kicked in and that two twelve-packs of Milwaukee Best beer, the type and quantity that he had left in his refrigerator, was sitting on the floor outside his door. When Cliff went to unlock the door, his key would not go into the lock and it appeared as if someone had tampered with the lock.
Cliff then went to a telephone located outside the rooming house and called the police to report a trespasser. Following the phone call, Cliff returned to the door of his room and peered through the opening in the door, where the removed panel had once been. While looking through the opening, someone inside the room threw Cliffs money box at him, striking Cliff in the chest. Cliff then made a second telephone call to the police.
Returning to the door of his room, Cliff saw the defendant crawling through the opening in the door. The defendant then attacked Cliff with what Cliff initially believed was a knife, but was actually a screwdriver, grazing Cliffs forehead. Cliff then grabbed defendant’s right hand, the hand holding the screwdriver, and grabbed defendant by the throat. Defendant attempted to jab Cliff with the screwdriver, but Cliff managed to stab defendant with the screwdriver instead.
As Cliff believed he had rendered defendant unconscious, Cliff got up off the floor, leaving defendant lying in the hall of the rooming house. However, defendant was conscious and he once again attacked Cliff with the screwdriver. The two wrestled and Cliff shouted for help.
Two residents of the rooming house, Dennis Pong/Palm and Howard Street, heard Cliffs calls and came to his aide. Together, they managed to subdue defendant until Officer Sleeco of the New Orleans Police Department arrived. Sleeco found two of the men holding down the defendant, one with a whelp on his face. He also found that defendant was severely injured, so that an ambulance had to be called. Defendant was taken to Charity Hospital where he remained for five and one-half (5½) days.
The State filed a bill of information against defendant on August 14, 1986. Thereafter, defendant was arraigned on August 18, 1986, at which time he pled not guilty. Subsequently, on October 3, 1986, defendant’s motion to suppress identification and motion to suppress confession were both found moot. And, following the preliminary hearing held on the same day, the court found probable cause and denied defendant’s motion to suppress evidence. The bench trial commenced on October 18, 1986.
In addition to the foregoing facts, Cliff also testified that he had seen defendant hanging around the rooming house on August 6, 1986, the day before the incident. At that time, defendant had attempted to invite himself into the building, without success. Defendant took the stand and testified that he had been sitting on the front steps of the rooming house when one of its residents, “Little Blackie” or “Lil Blackie”[2], left to go to a nearby bar. When Little Blackie returned and entered the building, defendant followed him into the building, so that he could sell him his new sandals. However, when he got into the building, he lost sight of Little Blackie and did not know which room was his.
As defendant turned to go back outside, he saw some change on the floor outside the front door of Cliff’s room. When defendant bent down to pick up the change, the door to Cliff’s room opened and Cliff attacked him. Then, another person grabbed him around his throat and began to choke him. He blacked out; his next conscious thought was waking up in Charity Hospital.
*759 Defendant was found guilty as charged by the trial court and on October 21, 1986, he was sentenced to serve twenty-five (25) years at hard labor. At the sentencing hearing, the court stated that it was aware of the facts of defendant’s aggravated burglary case and that the weapon used was a Phillips screwdriver. The court also discussed at length defendant’s prior record, which included a ten (10) year sentence for aggravated burglary and attempted aggravated burglary and attempted aggravated rape in 1966; a five and one-half (5V2) year sentence for burglary in Florida in 1969 from which defendant escaped in 1972; a five and one-half (5½) month sentence for possession of stolen property in 1975, along with a violation of the Gun Control Act; and arrests without dispositions for burglary, false imprisonment, simple escape and shoplifting.
After reviewing these offenses the court concluded:
Due to the fact that Mr. Walker was armed where serious [injury] and death could have insued. [sic] There was serious injury inflicted upon Mr. Walker himself. Due to the fact that this was a residence and an apartment where an individual was living and other individuals were in the Rooming House and because of Mr. Walker’s prior record this Court feels that any lesser sentence would derogate from the seriousness of the matter and considering Mr. Walker’s past record that any lesser sentence would involve further harm to individuals on the street or in the community. As a result it is the sentence of this Court that Mr. Walker serve twenty-five years Department of Corrections at hard la-bor_(transcript, pp 4-5).
Thereafter, defendant’s, counsel made an oral motion for appeal. The written motion for appeal was filed August 6, 1987 and was granted.
ERROR PATENT REVIEW
Defendant’s record was reviewed for errors patent. None were found.
ASSIGNMENT OF ERROR NO. 1
Through counsel, defendant alleges that his sentence of twenty-five (25) years is unconstitutionally excessive because it is grossly out of proportion with the severity of the crime, so that it is nothing more than a needless imposition of pain and suffering. We disagree.
LSA-Const. Art. 1, Sec. 20 provides that “no law shall subject any person ... to cruel, excessive, or unusual punishment.” State v. Sepulvado, 367 So.2d 762, 764 (La.1979) (emphasis theirs). The imposition of a sentence, although within stautory limits, may violate a defendant’s constitutional rights against excessive punishment. State v. Sepulvado, 367 So.2d at 767; State v. Telsee, 425 So.2d 1251, 1253 (La.1983); State v. Willis, 527 So.2d 76 (La.App. 3d Cir.1988). Accordingly, the exces-siveness of a sentence is a question of law reviewable on appeal. State v. Sepulvado, 367 So.2d at 764.
A punishment is unconstitutionally excessive if it 1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or 2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d at 1251 (cites omitted). The initial elements, then, in considering whether a sentence is unconstitutionally excessive are the nature of the offense and the offender. State v. Telsee, 425 So.2d at 1253. LSA-C.Cr.P. art. 894.1 provides helpful criteria for this purpose, State v. Telsee, 425 So.2d at 1253; State v. Sepuvado, 367 So.2d at 769, so that the individual sentence imposed on a particular defendant is tailored to the particular circumstances of the case, State v. Telsee, 425 So.2d at 1253; State v. Jackson, 360 So.2d 842 (La.1978); State v. Michaels, 516 So.2d 202, 204 (La.App. 4th Cir.1987). For example, an insight into the nature of the offender and his offense may be gained by inquiring whether 1) there is an undue risk the defendant will commit another crime; 2) the defendant needs to be institutionalized; 3) a lesser sentence will deprecate the seriousness of defendant’s crime; 4) defen *760 dant’s conduct caused or threatened harm; 5) defendant has a criminal record; and 6) defendant will respond to rehabilitation. LSA-C.Cr.P. art. 894.1 [3]; State v. Telsee, 425 So.2d at 1253-4. Additional elements to consider is a comparison of defendant’s punishment with the sentences imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d at 1254.
The trial judge must also articulate for the record both the aggravating and mitigating circumstances that were considered and must state the factual basis underlying its sentence. Cf. State v. Michaels, 516 So.2d 202 (La.App. 4th Cir.1987). The sentencing record must reflect that the trial judge considered the personal history of the defendant in addition to the seriousness of the crime and the past criminal history of the defendant. State v. Michaels, 516 So.2d at 204; State v. Jones, 398 So.2d 1049 (La.1981); State ex rel v. Becker, 519 So.2d 122 (La.1988).
Applying these principles to the present case, the sentencing judge’s comments indicate that he was aware of and considered the guidelines of LSA-C.Cr.P. art. 894.1, which fulfills its statutory requirements. State v. Tzuanos, 491 So.2d 826 (La.App. 3d Cir.1986); State v. Fontenot, 532 So.2d 412, 413 (La.App. 3d Cir.1988) [the trial court does not have to state every aggravating and mitigating factor, but the statutory guidelines in art. 894.1 must be adequately considered]. Moreover, a review of punishments imposed by Louisiana courts in other aggravated burglary cases illustrates that defendant’s sentence is not disproportionally excessive[4]. State v. Michaels, 516 So.2d 202 (La.App. 4th Cir.1987) [Defendant was originally sentenced to thirty (30) years; multiple billed and resentenced to thirty-five (35) years]; State v. Hawthorne, 454 So.2d 285 (La.App. 4th Cir.1984), writ den., 457 So.2d 1201 (La.1984) [Defendant was sentenced to thirty (30) years where defendant choked the victim and threatened to kill her child]; State v. Wilson, 508 So.2d 960 (La.App. 4th Cir.1987) [Defendant was sentenced to twenty (20) years where defendant had inflicted minor physical injury to the victim and defendant had no prior convictions]; State v. Williams, 448 So.2d 659 (La.1984) [Defendant was sentenced to twenty (20) *761 years where defendant had his hands around the mouth and throat of his sixty-one (61) year old victim. Defendant had a prior juvenile conviction and a conviction for attempted theft for which he was on probation at the time he committed the instant crime.]; State v. Coleman, 450 So.2d 1063 (La.App. 1st Cir.1984), writ den., 456 So.2d 172 (La.1984) [Defendant was sentenced to twenty-five (25) years where, although he did not attack anyone, he was found in the victim’s bedroom, holding a knife. Defendant had an extensive criminal record of arrests, but only one conviction].
Nor is the sentence excessive in light of the nature of the crime and the propensities of the offender. State v. Telsee, 425 So.2d at 1257. As the sentencing court indicated, defendant was armed with a weapon, a Phillips screwdriver, and serious injury or death could have been inflicted upon the victim.[5] Defendant burglarized the victim’s residence in a rooming house where other individuals were likely to be present. Moreover, as the sentencing court articulated at length, defendant has a substantial criminal history, showing his propensity to commit crimes and his lack of rehabilitation resulting from prior incarcerations.
Consequently, we are in accord with the trial court, a more lenient sentence than the twenty-five (25) year term, would derogate from the seriousness of the offense and pose an undue risk to the community that defendant would commit another crime. Defendant’s sentence is not a purposeless and needless imposition of pain and suffering nor grossly out of proportion to the severity of his crime. Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
Although defendant’s pro se brief does not contain formal assignments of error, his principal argument is that there is insufficient evidence to convict him of violating LSA-R.S. 14:60. We disagree.
Aggravated burglary consists of the following elements: 1) the unauthorized entering of an inhabited dwelling; 2) with the intent to commit a felony or any theft therein; 3) if the offender is armed with a dangerous weapon, or after entering arms himself with a dangerous weapon or commits a battery upon any person while in the dwelling. LSA-14:60; State v. Wilson, 508 So.2d 960, 963 (La.App. 4th Cir.1987). The intent required is specific intent; the defendant actively desired the prescribed criminal consequences to following his act, State v. Lockhart, 438 So.2d 1089 (La.1983); State v. Bunch, 510 So.2d 1266 (La.App. 4th Cir.1987), which can be inferred from the circumstances of the incident, State v. Bunch, 510 So.2d at 1268; State v. Shaffer, 529 So.2d 98, 101 (La.App. 4th Cir.1988).
When reviewing the evidence for its sufficiency to convict, the evidence is viewed in the light most favorable to the prosecution to determine whether any rational trier of fact could have found these essential elements beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
At trial, the State proved beyond a reasonable doubt that defendant entered an inhabited dwelling without authority, as the resident, Cliff, was not at home when defendant gained entry of the room by removing the door panel, and/or by tampering with the door lock. The State also proved beyond a reasonable doubt that defendant entered Cliff’s room with the intent to commit a theft therein, as Cliff’s two (2) twelve-packs of Milwaukee’s Best beer were placed immediately outside Cliff’s door and Cliff’s television had been moved to a spot near the inside of Cliff’s door. Moreover, from these circumstances it can be inferred that defendant had the specific intent to commit a felony or theft within Cliff’s dwelling.
Finally, the State proved beyond a reasonable doubt that defendant was armed with a dangerous weapon while in Clift’s dwelling and he committed a battery while *762 exiting the dwelling. While inside Cliff’s room, defendant threw Cliff’s money box at Cliff, striking him in the chest. Defendant then armed himself with a screwdriver and attacked Cliff, injuring him on the forehead. After Cliff believed he had rendered defendant unconscious, defendant once again attacked Cliff with the screwdriver until he was subdued by the three residents of the rooming house.
Based upon the foregoing, any rational trier of fact could have found that the State proved all the essential elements of aggravated burglary beyond a reasonable doubt. Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
Defendant’s final pro se contention is that the bill of information filed against him is defective. However, defendant fails to specify the manner in which the document is defective. Consequently, as the bill of information was reviewed for errors patent and none were found, this assigned error lacks merit.
Accordingly, defendant’s conviction and sentence are affirmed. Appeal costs are waived.
AFFIRMED.

. In his pro se appellate brief, defendant also alleges that he was denied compulsory process, and that he was arrested without a warrant and not given Miranda warnings. However, because defendant failed to brief these specifications of error, they are deemed abandoned. La. Uniform Rules — Court of Appeal, R. 2-12.4.

. Cliff, Pong/Palm and Street all testified that no one named "Little Blackie” lived in the rooming house where they resided.

. Art. 894.1 Sentence guidelines; generally
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant, is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm.
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm.
(3) The defendant acted under strong provocation.
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense.
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission.
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime.
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur.
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.
(10) The defendant is particularly likely to respond affirmatively to probationary treatment.
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
(12) The defendant’s voluntary participation in a pre-trial drug testing program.
C.The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
[[Image here]]
(Added by Acts 1977, No. 635 § 1. Amended by Acts 1986, No. 704, § 1; Acts 1987, No. 500, § 1.)

. The maximum sentence for aggravated burglary under LSA-R.S. 14:60 is thirty (30) years.

. Defendant attacked Cliff twice with the screwdriver. It is immaterial that it was defendant, instead of Cliff, who sustained the serious injuries as a result of their struggles.