531 So.2d 1121 (1988)
STATE of Louisiana
v.
Darcell H. GRANT.
No. KA-9029.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
Harry F. Connick, Dist. Atty., William A. Marshall, Susan Kreston, Asst. Dist. Attys., New Orleans, for appellee.
Bruce C. Ashley, II, New Orleans, for appellant.
*1122 Before GARRISON, CIACCIO and WARD, JJ.
CIACCIO, Judge.
A twelve-person jury found defendant guilty as charged with second degree murder. La.R.S. 14:30.1. The court imposed the statutorily mandated sentence of life imprisonment. Defendant appeals, arguing that during trial reversible error occurred on two occasions when the prosecutor made improper reference to other crimes alleged to have been committed by defendant.
On the record before us, we have considered defendant's allegations of trial court error, and we have reviewed the record for any errors discoverable by an inspection of the pleadings and proceedings. La.C.Cr.P. Art. 920. The record before us does not reveal any trial court error warranting reversal or modification of defendant's conviction or sentence. We, therefore, affirm.
At one time defendant and the victim were lovers and are the parents of a child born of that union. The victim died of five gun shot wounds received during an argument with defendant. Defendant testified that the argument concerned his objections to her use of cocaine. He further testified that during the argument she pulled a gun from her jacket and was shot during their struggle over the gun. No one else could testify to the origin of the gun, but her friends testified that she was not carrying a gun. Defendant testified that the gun fired only twice during their struggle and he did not know how she received the other three wounds. A friend of the victim testified that, hearing the argument, he looked out of a window and saw defendant shooting the victim.
The remarks of the prosecutor about which defendant complains are questions posed by the prosecutor during cross examination of defendant and defendant's sister. During cross examination of defendant's sister the following exchange took place.
Q. He had gotten fired from South Central Bell because of his cocaine use, right?
BY MR. WOODS:
Oh, Judge, Objection.
BY THE COURT:
Why are you laughing, Mr. Woods. I don't think you need to laugh.
BY MR. WOODS:
I don't think it's funny at all Judge. I think it's highly improper, and I'd like to make a motion outside the presence of the Jury.
BY THE COURT:
Okay, please come into my chambers.
COURT REPORTER'S NOTE: A motion was made inside Chambers.
BY THE COURT:
For the record, there was a comment made in the last answer and question that I wish the Jury to disregard, and to put it out of your mind. Please act as if it had never been said. You are ready to proceed, Mr. Woods?
[Although the transcript reads "Mr. Woods," who was the prosecutor, we presume that defense counsel, Mr. Ashley, raised the objection to the prosecutor's question.]
The prosecutor asked three more questions concerning defendant's employment at South Central Bell; defense counsel objected on the ground that the questions were beyond the scope of proper cross examination, the topic not having been raised on direct; the court instructed the prosecutor to move on to another topic, and he did. During cross examination of defendant the following exchange occurred.
Q. Do you know anything about cocaine?
A. Only what I seen.
Q. Could it be, Mr. Darcell Grant, that you know about cocaine not from Constance's use but from your own personal experiences?
A. I never used cocaine.
Q. Could it be that cocaine was part of the problem or part of the reasons why you were fired from South Central Bell? You were missing work because you *1123 couldn't get up because you were too doped up with cocaine?
A. That's not true.
BY MR. ASHLEY:
Judge, I renew my objection and my motion.
BY THE COURT:
And it's denied.
The prosecutor then moved on to a different topic.
La.C.Cr.P. Art. 770 provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) ...
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) ...
(4) ...
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
A failure to move for a mistrial is a waiver of the error, since this article requires a motion by defendant. Official Revision Comment (b). When a defendant objects to improper remarks and the objection is overruled, the defendant is not required to move for an admonition or a mistrial to preserve his rights on appeal. State v. Baylis, 388 So.2d 713 (La.1980); State v. Hamilton, 356 So.2d 1360 (La.1978). When a defendant's objection is sustained, however, and the court is presumably willing to give him whatever relief to which he is entitled, there is no reason defendant should not be required to request an admonition or mistrial, if he wants one. State v. Baylis, above. Defendant cannot on appeal complain of the alleged error unless at trial he requested and was denied an admonition to disregard or a mistrial. State v. Michel, 422 So.2d 1115 (La.1982); State v. Miles, 402 So.2d 644 (La.1981).
The record is deficient in revealing the grounds for objection, whether any request for relief was made, and the court's ruling concerning defense counsel's objection during cross examination of defendant's sister. Returning to the courtroom from her chambers where she presumably heard counsel's objection and any request for relief, the trial judge admonished the jury to disregard the comment made in the last question and answer. No complaint from the defense was recorded. Apparently, on the record before us, counsel's objection was sustained and he was granted his request for an admonition to disregard. There is no indication that he requested and was denied a mistrial; the court apparently granted his request. Defendant cannot now on appeal complain of any alleged error.
During cross examination of defendant defense counsel objected, stating, "Judge, I renew my objection and my motion." The nature of counsel's objection and motion is very unclear. On appeal defendant implies that this objection is the same as the one voiced during cross examination of his sister. We note, however, that his sister was the first of six defense witnesses to testify and that defendant was the last.
At best, the record is unclear whether counsel's effort to renew an objection and a motion referred to an objection and a motion presumably made during testimony of a witness five witnesses prior to the call for renewal, particularly when the record is unclear as to what the earlier objection and motion had been. In neither instance does the record contain the ground for any objection, and whether, and if so what relief was requested. It is well settled that counsel must state the basis for his objection when making it and point out the specific error which the trial court is making. An assignment of error reserved to a trial court ruling where there is no basis for the objection stated and no error pointed out presents nothing for an appellate court to review. La.C.Cr.P. Art. 841; State v. *1124 Williams, 374 So.2d 1215 (La.1979); State v. Powell, 325 So.2d 791 (La.1976); State v. Salgado, 473 So.2d 84 (La.App. 5th Cir. 1985), writ denied 478 So.2d 1233 (La.1985).
We find that the record does not support defendant's claim of error. In neither of the two instances about which he now complains does the record contain a proper objection or a specific motion for relief. And in that instance where counsel apparently advised the court "in chambers" of the grounds for his objection and moved for specific relief, the court apparently sustained the objection and granted the requested relief; defendant can make no complaint.
Accordingly, we affirm defendant's conviction and sentence.
AFFIRMED.
WARD, J., concurs with reasons.
WARD, Judge, concurring.
While it is true that defense counsel's "renewed objection" made during cross-examination of defendant was of questionable clarity, in my opinion counsel's objection was not timely made. Once defendant answered the prosecuting attorney's question by denying cocaine use, there was no basis for defense counsel to object because defendant was not prejudiced after he denied the insinuation.
Moreover, in my opinion the question concerning defendant's cocaine use should not be assumed an improper question in this case. Both defendant and defense counsel made it clear that the defendant's motive for being at the hotel on the night of the murder was to "save" or "rescue" the victim from cocaine usage. Under these circumstances, I believe, it is proper to question defendant about his own cocaine use because it is relevant to what defendant claims as a motive for his actions.