BARRY, Judge.
The defendant was convicted of theft of property valued at $500 or more (the bill alleges currency valued $1,000 or more), La.R.S. 14:67, and sentenced to five (5) years at hard labor. The sentence was suspended with five years active probation conditioned upon full restitution and payment of $10.00 monthly for the duration of her probation.
FACTS AND TESTIMONY
Dustin Reed testified that his natural father died in 1976 when he was six years old. His grandmother, Gertrude Trufont, was his tutrix until she died in 1985. In July, 1985 Reed’s estate had over $30,000 when Sybil Francis, the defendant, his aunt and Mrs. Trufont’s daughter, took over as tutrix. Thereafter his school tuition was not paid timely and money disappeared. He only saw the defendant once (by chance) at a shopping center during her years as tutrix. Dustin testified that all of his money was taken.
Harry Nowalsky, the attorney who established Dustin’s tutorship in 1976 or 1977, testified that Gertrude Trufont had timely filed annual accountings throughout her years as tutrix. When the defendant took over on July 22, 1985 the value of the estate was $29,445.41.
Vernon Lewis, an officer at American Bank & Trust, testified that the balance in the account of Sybil Francis, tutrix of Dustin Reed, in July, 1985 was $16,586.26 and the balance in February, 1986 was zero. Darcie Burnett, the custodian of records for Dixie Savings & Loan, testified that withdrawals totaling $5,900 were made from Dustin Reed’s account when the defendant was custodian from July 22, 1985 to September 9,1985 when the account was closed. The defendant obtained a $5,000 certificate of deposit in July, 1985 and withdrew the balance of that money on March 5, 1986.
Counsel stipulated that withdrawals from the bank were made by the defendant. Robin Loving, custodian of Whitney Bank records, testified the defendant had two personal checking accounts and one was opened in July, 1986. There were a number of deposits to her personal accounts between July, 1985 and February, 1986.
Richard Campbell, business manager at Mcllwain Cadillac, stated that Katheryn Francis (identified as Sybil Francis) bought a car for $18,293.60 in February, 1986 and paid $3,000 in cash.
Enid Doucette testified that in August, 1985 the defendant made a $6,000 loan and *1359 she repaid approximately $2,600. As part of that amount Doucette paid one year of Dustin’s high school tuition.
James Dalferes, an attorney and expert in trusts and estates, testified that a tu-trix’s duties include collecting assets and administering the estate. The tutrix has to obtain court approval to invest or sell a minor’s property or to use principal from the estate. He stated it was improper for a tutrix to use the minor’s funds for personal gain. According to Dalferes, the court sets the tutrix’s compensation usually not to exceed ten percent of the income or revenues of the estate. Dalferes discussed La. R.S. 14:354 and its penalty provisions.
Marc Morial testified that Dustin’s mother, Diane Reed, hired him in the summer of 1986 to handle a civil suit on this matter. Morial stated the defendant did not file an annual accounting as required by law. Morial filed a rule directing the defendant to file an accounting. When the defendant failed to appear, Morial requested her arrest and removal as tutrix.
Michael Liebaert, a District Attorney’s special investigator, stated that his investigation lasted seven to eight weeks and he arrested the defendant.
The defendant assigns two errors: (1) admitting evidence of the defendant’s other bad acts or crimes including hearsay testimony relative to the civil court’s finding her in contempt for failing to return Dustin’s funds; (2) allowing Dalferes’ expert testimony on criminal law which exceeded his expertise.
ASSIGNMENT NO. 2
ARGUMENT NO. 1
The defendant argues that the court erred by allowing Dalferes (over defense objection) to interpret La. R.S. 14:354 and state that a charge under that statute did not preclude a charge of theft.
On cross-examination defense counsel asked Dalferes to read La. R.S. 14:354[1] and state whether that statute applied to a tutor. Counsel questioned Dalferes on the criminal and civil penalty (for contempt) when an accounting is not timely filed.
On re-direct the State asked whether R.S. 14:354 precluded another criminal charge such as theft. The State asked: “Does that statute preclude the same person — ”. Defense counsel objected on the basis that the question was outside the witness’ expertise. The trial judge noted that defense counsel initially brought up R.S. 14:354 and its scope. Defense counsel argued that he did not ask for an opinion. The judge overruled the objection. Dal-feres answered negatively.
The defendant cites State v. Rones, 223 La. 839, 67 So.2d 99, 106 (1953) to support her position that experts may testify “as to the meaning of technical words or terms which pertain to their trade, profession or occupation,” but not the interpretation of a statute which is “a judicial question.” However, in Rones optometrists testified as to what constituted the practice of optometry as defined by statute. Rones is not controlling where the testimony at issue is that of an attorney specialist.
The State notes that Dalferes is an attorney whose expertise is trusts and estates and he is qualified to give an opinion as to La. R.S. 14:354. Regardless, defense counsel had asked similar questions.
Dalferes’ conclusion that the statute did not preclude another criminal charge such as theft (even if improper) did not prejudice the defendant. The jury only had *1360 to decide whether the State had proven the charge of theft. The State opted to prosecute for theft, a decision within the power of the district attorney. La. C.Cr.P. Art. 61.
This argument lacks merit.
ASSIGNMENT NO. 1
ARGUMENT NO. 2
The defendant argues that the hearsay testimony of Marc Morial relating to the civil proceeding and her removal as tutrix caused prejudice. The defense argues that the motion for mistrial based on its improper admission should have been granted.[2] Defense counsel concedes this was not evidence of another crime, but claims the civil court litigation involving a prior determination of the defendant’s alleged wrongdoing caused prejudice.
Morial testified that he filed a rule to show cause to compel the defendant to file an accounting. After the defendant did not appear even when re-served, Morial requested an arrest warrant based on contempt. The defense objected on relevancy grounds and the trial judge maintained the objection. Morial then stated he had the defendant arrested. The trial judge instructed the jury to disregard any reference to that arrest.
Morial said no accounting was made, no funds were returned to Dustin’s estate, and the civil judge removed the defendant as tutrix. Morial began to say: “I found out that the failure to file an accounting — ”. Defense counsel requested a mistrial, but the questioning continued. Morial stated he advised Diane and Dustin Reed to go to the District Attorney’s office.
At issue was proof beyond a reasonable doubt that the defendant committed theft under La. R.S. 14:67. The jury had to decide that the defendant had taken or misappropriated something of value (over $500 since the bill of information states the value to be $1,000 or over) which belonged to another (Dustin Reed) without his consent or by fraud. Essential is proof of the intent to permanently deprive Dustin of what was taken.
Dustin testified that his estate was worth about $30,000 in July, 1985 when the defendant became tutrix. He noted problems when she was tutrix and the fact that his estate was totally depleted. He said that he filed a civil suit against the defendant, but never recovered anything.
References to the record of the civil proceeding, which included the defendant's dismissal as tutrix, did not satisfy the burden of proof in this criminal trial. The State had to prove beyond a reasonable doubt that the defendant took from Dustin property valued over $500. Dustin’s and Harry Nowalsky’s testimony plus bank records carried that burden.
Most of Morial’s testimony was cumulative and its allowance, if erroneous as hearsay, was harmless. The defendant’s substantial rights were not affected in light of the overwhelming evidence of guilt. La. C.Cr.P. Art. 921; State v. Hayes, 414 So.2d 717 (La.1982).
This assignment lacks merit.
We have reviewed the record for errors patent and there are none.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. La. R.S. 14:354 provides:
No administrator, tutor, executor, or other person holding fiduciary trusts shall neglect, fail, or refuse, after having been ordered by a court of competent jurisdiction, to file in the court where such trust is exercised, once between the first day of January and the thirty-first day of December of each calendar year, a full and complete account and statement of the trust.
Whoever violates this Section shall be fined not more than five hundred dollars and, in default of fine, imprisoned for not more than six months.

. After counsel asked for a mistrial, the State's questioning continued. The motion was never resolved.