ARMSTRONG, Judge.
Defendant, Clarence Dorsey, was charged with and convicted of a violation of La.R.S. 14:42, the offense of aggravated rape. He was sentenced to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. Defendant now appeals raising one assignment of error.
The record reflects that on May 12, 1985, sometime after 3:30 a.m., the victim awoke to feel the presence of someone in her apartment. She opened her eyes to find a man on top of her with a butcher knife at her throat. The victim testified that she convinced the defendant to allow her to go to the bathroom in an attempt to get the defendant off of her. After confessing that she could not use the toilet because she was too scared, the defendant dragged her three or four feet to the bedroom. The victim was then forced to get into the bed. The victim continued to struggle until the defendant placed the knife to her throat. At this time the defendant penetrated the victim. The victim convinced the defendant to place the knife on the bed. When the knife was on the bed, she knocked it to the floor and began to struggle from beneath the defendant. Once the victim was free she was unable to open the door of her apartment so she banged on the walls and screamed for help. The defendant got out of the apartment and ran down the street.
The next day, the victim identified the defendant as the man who raped her from a photographic lineup. The scientific evidence presented was inconclusive. Two neighbors of the victim testified at trial. Melva Pechón testified that the defendant had recently been in her yard without authorization. Jerome Martin testified that on May 12, 1985 at about 4:00 p.m., he saw the defendant on a window ledge at the victim’s apartment attempting to get in a window. The defendant fell and ran into Melva Pechon’s yard. After learning of the rape, Mr. Martin informed the police of what he had seen.
Two alibi witnesses testified for the defense. Both witnesses testified that the defendant had been working and drinking with them from the morning of May 11, 1985 to the early morning of May 12, 1985. George Davis, one of the witnesses, testified that he left the defendant between four-thirty and five a.m., a few blocks from the victim’s home, which was also a few blocks from the defendant’s home.
A review of the record for errors patent reveals that on the same day of sentencing the defendant made an oral motion for a new trial. There is no indication in the minute entry that the court ruled on the motion or that the defendant waived delays for sentencing. However, the trial court subsequently issued a written judgment denying the motion for a new trial, in part, because it was made after sentencing and was untimely. Therefore, the requirement that twenty-four hours elapse between the denial of a motion for new trial and sentencing does not apply. Furthermore, defendant made no objection, does not assign this as error, nor does he allege any prejudice. Thus any error, if it existed, is harmless. State v. Dixon, 471 So.2d 282 (La.App. 4th Cir.1985); State v. Wormser, 467 So.2d 58 (La.App. 4th Cir.1985), writ denied 474 So.2d 946 (La.1985).
The defendant argues only one assignment of error: that the trial court erred in denying a mistrial during the State’s rebuttal argument. The record indicates that the prosecutor made the following argument:
“We told you in voir dire that no doctor, no nurse, no medical technologist could come on this witness stand and say that the victim had been raped. And neither could say that the defendant did it, even if there had been sperm or seminal fluid they couldn’t say that he was the rapist. But you have other evidence that you’ve seen on yesterday that tells you that the defendant is the rapist. Now, Mr. Sands also tells you *976 that the State is hiding things. Why didn’t we tell you it was an efficiency apartment? Why didn’t we tell you about distances? Well, if we didn’t tell, how does he know? How did he find out? If our witnesses didn’t say it on yesterday, you know his witnesses didn’t. His witnesses didn’t tell you that they had been to the victim’s apartment. All they told you (and we’ll get to that) that the defendant had been drinking with them the early morning hours of May 12th. So, I ask you, do you recall all the evidence? If we didn’t tell, how does he know? And use your common sense.
Immediately after the prosecutor’s argument, defendant’s counsel asked to approach the bench for a conference after which the trial court stated to the jury that he was overruling the objection. He also admonished the jury to “remember what I told you all about comments of the lawyers.”
The initial question must be whether the issue is properly before this court. When a defendant objects to improper remarks by the prosecution and the objection is overruled, the defendant is not required to move for an admonition or a mistrial to preserve his rights on appeal. State v. Baylis, 388 So.2d 713 (La.1980); State v. Hamilton, 356 So.2d 1360 (La.1978); State v. Grant, 531 So.2d 1121 (La.App. 4th Cir.1988). Counsel must state the basis for his objection when making it and point out the specific error which the trial court is making. State v. Grant, supra. An assignment of error reserved to a trial court ruling where there is no basis for the objection stated and no error pointed out presents nothing for an appellate court to review. La.C.Cr.P. art. 841; State v. Williams, 374 So.2d 1215 (La.1979); State v. Powell, 325 So.2d 791 (La.1976); State v. Salgado, 473 So.2d 84 (La.App. 5th Cir.1985), writ denied 478 So.2d 1233 (La.1985).
In the instant case, there was an objection made which the trial court overruled. Therefore, counsel did not need to move for a mistrial in order to preserve the issue on appeal. However, counsel did not state for the record the basis of his objection. Instead, he first sought to approach the bench and there made his objection. Thus, the defendant can not later argue on appeal that the state’s closing argument was improper when an objection to such comments was sustained at the trial level, the jury received an admonition related to the comments, and the record is silent as to the grounds for the objection and what relief was requested. La.C.Cr.P. art. 841; State v. Grant, supra. Nevertheless, the merits of the assignment of error will be discussed below.
Article 774 of the Louisiana Code of Criminal Procedure defines the proper scope of argument. The article reads in its entirety as follows:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state’s rebuttal shall be confined to answering the argument of the defendant.
In his brief, the defendant argues that the prosecutor’s remarks warranted a mistrial because there was a clear implication that defense counsel could only have been able to argue about specific lack of evidence, e.g. the size of the apartment, if the defendant had told him from his personal knowledge. Defendant argues that such an implication during rebuttal prevented the defense counsel from explaining the source of his knowledge; such as investigation and evidence obtained during discovery.
Defendant’s characterization of the rebuttal argument is not supportable. The transcript clearly indicates that the prosecutor was answering the defense’s argument that the State was hiding evidence. This is proper rebuttal argument. C.Cr.P. art. 774. The statements “Well, if we didn’t tell, how does he know? How did he find out?” are natural responses to the argument that evidence was not presented.
In State v. Bailey, 470 So.2d 342 (La.App. 5th Cir.1985), writ granted for resen- *977 tencing 477 So.2d 696 (La.1985) the Fifth Circuit found that a rebuttal argument which included the prosecutor’s personal feelings, outside the guidelines of art. 774 was acceptable. The record showed that “defense counsel placed the credibility of the prosecutor and the case at issue by insinuating during its closing argument that the state was ‘hiding’ certain witnesses’ statements” and “the prosecutor was directly rebutting the argument of defense counsel when defense counsel’s objection was made.” Id. at 347.
In the instant case, the prosecutor did not inject his personal feelings. Instead he argues that there was testimony from the state’s witnesses, which the transcript supports. The record also indicaates that many photographs of the apartment were introduced. It is not improper argument to draw the jury’s attention to the evidence presented. The last portion of the transcribed argument, “so I ask you, do you recall the evidence? If we didn’t tell, how does he know? And use your common sense” supports a finding that the State had been hiding things by focusing the jury’s attention on the evidence they did see and hear instead of the defense counsel’s argument that there was lack of evidence. This is a proper rebuttal argument.
For the foregoing reasons, the defendant’s conviction and sentence is affirmed.
AFFIRMED.