WILLIAMS, Judge.
On the night of June 15-16, 1988, Detective Chuck Russo was conducting an undercover narcotics investigation in Empire, Louisiana. He went to Miljak’s Bar and Restaurant where he had arranged to meet defendant to buy drugs. At approximately 1:00 a.m., defendant sat next to Detective Russo at the bar. The defendant told Detective Russo he would sell him a sixteenth of an ounce of cocaine for $125.00. Detective Russo gave defendant the money, and defendant went to his trailer to get thé cocaine. Defendant returned to Miljak’s and handed to Detective Russo a small triangular cellophane packet containing white powder. Detective Russo left Mil-jak’s and met with other detectives to give them the packet. The substance in the packet was field-tested and was determined to be cocaine. Defendant was later arrested.
At the commencement of defendant’s trial, the jury was selected. Nine jurors were seated when the jury venire was exhausted. The trial court ordered that tales jurors be found. There were no bystanders in the courtroom nor in the courthouse. Four persons who worked in the courthouse were brought in as prospective jurors. Two were deputy clerks of court and two were deputy assessors. One of the deputy clerks, Betty Bubrig, was the sister-in-law of the District Attorney, and the other deputy clerk, Candy Dufrene, had been married to a deputy sheriff. Defendant objected to the four prospective jurors because they were chosen in an improper and prejudicial manner. The trial court overruled the objection. Ms. Bubrig, Ms. Dufrene and one of the deputy assessors stated they volunteered to sit as jurors.
Ms. Bubrig stated during voir dire, in the presence of the other three prospective jurors, that she had at one time worked in the Sheriff’s Office and recalled defendant from that past employment. Defendant had exhausted all his peremptory challenges at that point and instead challenged the four jurors for cause. The trial court denied the challenge, and Ms. Dufrene and the two deputy assessors were seated as jurors. No alternate jurors were seated, and Ms. Bubrig was dismissed.
The jury found the defendant guilty and the trial court sentenced defendant to thirty years at hard labor.
*573 A review of the record reveals no errors patent.

Assignment of Error No. 1

Defendant complains that the trial court erred in selecting tales jurors from among employees of Plaquemines Parish who worked in the courthouse. He argues that this action denied him the right to trial by an impartial jury composed of a cross-section of the community.
LSA-C.Cr.P. art. 785 D provides:
In parishes other than Orleans, the judge may order the summoning of tales jurors from among the bystanders or persons in or about the courthouse, in place of the drawing of tales jurors.
The Louisiana Supreme Court has determined that the selection of tales from among the bystanders in or about the courthouse is not violative of the right to an impartial jury. State v. Monk, 315 So.2d 727, 737-738 (La.1975). Further, in State v. Drew, 360 So.2d 500 (La.1978) cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979), the Supreme Court held that selection of tales jurors from among bystanders was not per se violative of a defendant’s right to a jury representing a fair cross-section of the community.
Counsel for defendant conducted an extensive voir dire of the tales jurors. There is no indication that they were either not impartial or pro-prosecution merely by virtue of their status as parish employees. Defendant has not shown that the State failed to comply with the statutory procedures for selecting the tales jurors. This assignment of error is without merit.

Assignment of Error No. 2

Defendant next complains that the trial court erred in allowing volunteers as tales jurors. He argues that the volunteer jurors do not reflect the cross-section of society required for an impartial jury. Defendant further contends that the volunteers could have been motivated by either a desire to assist the Sheriffs Department in prosecuting individuals or personal animosity toward the defendant.
A review of the voir dire of the tales jurors does not support defendant’s contention. Only one of the tales jurors admitted having knowledge of the defendant and she was not seated as a juror. There is no indication that the three tales jurors who did serve were motivated by a desire to assist the prosecution. This assignment of error is without merit.

Assignment of Error No. 3

In his third assignment of error, defendant complains that the trial court erred in denying his challenge for cause to the tales jurors after they heard the prosecutor make comments as to other crimes committed by the defendant. He argues that the prosecutor’s comments tainted the tales jurors and thus they could not serve as impartial jurors.
The comment defendant complains of was made during the voir dire of Betty Bubrig, the sister-in-law of the District Attorney, in the presence of the other three tales jurors. When asked if she had heard anything about this case, Ms. Bubrig responded:
“I might point out, that I am not specifically familiar with this case. But I did have prior employment here working for the Sheriff’s Office for some 13-plus years. And I do recall the defendant from that past employment.”
At a later point, the prosecutor stated: “And what your comments are I think as a Sheriff’s employee in the past, is that his name was mentioned as a person either charged, or in some way involved
At that point, counsel for defendant objected and the objection was sustained. Defendant later challenged for cause the three tales jurors who were seated as jurors because of Ms. Bubrig’s and the prosecutor’s comments. The trial judge denied the challenge for cause stating that Ms. Bubrig’s comments were neutral and did not refer to other crimes.
Under LSA-C.Cr.P. art. 770(2), a mistrial is mandatory when the prosecution or other court official refers to other crimes committed by the defendant of which evidence is inadmissible. Defendant did not move for a mistrial.
*574 In State v. Grant, 531 So.2d 1121, 1123 (La.App. 4th Cir.1988), writ denied, 567 So.2d 1117 (La.1990) this court stated:
A failure to move for a mistrial is a waiver of the error, since this article requires a motion by defendant. Official Revision Comment (b). When a defendant objects to improper remarks and the objection is overruled, the defendant is not required to move for an admonition or a mistrial to preserve his rights on appeal. State v. Baylis, 388 So.2d 713 (La.1980); State v. Hamilton, 356 So.2d 1360 (La.1978). When a defendant’s objection is sustained, however, and the court is presumably willing to give him whatever relief to which he is entitled, there is no reason defendant should not be required to request an admonition or mistrial, if he wants one. State v. Baylis, above. Defendant cannot on appeal complain of the alleged error unless at trial he requested and was denied an admonition to disregard or a mistrial. State v. Michel, 422 So.2d 1115 (La.1982); State v. Miles, 402 So.2d 644 (La.1981).
The trial judge sustained the defendant's objection to the prosecutor’s comment. Since he failed to move for a mistrial, he has waived the error. Therefore, this assignment of error is without merit.

Assignment of Error No. ⅛

In his fourth assignment of error, defendant complains the trial court erred in imposing an excessive sentence. He argues his sentence of thirty years at hard labor for selling one-sixteenth of an ounce of cocaine is grossly out of proportion to the severity of the crime and imposes purposeless pain and suffering. He contends that although he had a prior criminal record, none of his previous arrests or convictions involved a drug offense and there was no evidence that he sold large quantities of cocaine.
Although a sentence is within statutory limits, it may still violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it: 1) makes no measurable contribution to acceptable goals of punishment and is nothing more than the needless imposition of pain and suffering; and 2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983).
In State v. Michaels, 516 So.2d 202, 204 (La.App. 4th Cir.1987), this Court stated that the trial judge must articulate reasons for an apparently severe sentence, tailoring it to the individual offender and the particular offense. The record must indicate that the trial judge considered the guidelines set forth in LSA-C.Cr.P. art. 894.1 and that the judge considered the personal history of the defendant in addition to the seriousness of the crime and the post criminal history of the defendant. Id. The trial court should inquire whether 1) there is an undue risk that the defendant will commit another crime; 2) the defendant needs to be institutionalized; 3) a lesser sentence will deprecate the seriousness of the crime; 4) the defendant’s conduct caused or threatened harm; 5) the defendant will respond to rehabilitation; and 6) the defendant has a prior criminal record. State v. Telsee, supra. An additional consideration is a comparison of the defendant’s sentence with sentences imposed for similar crimes. Id. After reviewing the record and the jurisprudence, we find no error in the trial court ruling.
In State v. Tilley, 400 So.2d 1363 (La. 1981), a twenty-one year sentence for distribution of cocaine was found excessive where the defendant was eighteen years old and had two prior DWI convictions and had pled guilty to a subsequent drug sale. In State v. Cann, 471 So.2d 701 (La.1985), defendant was convicted of one count of distribution of marijuana, for which he was sentenced to five years at hard labor, and three counts of distribution of cocaine, for which he received two fifteen-year sentences and one thirty-year sentence. All of the sentences were to run consecutively. The Supreme Court amended the sentences to run concurrently, but found none of the individual sentences excessive. The defendant was a second felony offender and had a substantial prior record of drug-related offenses. In State v. Hernandez, 513 *575 So.2d 312 (La.App. 4th Cir.1987), writ denied, 516 So.2d 130 (La.1987), this court affirmed a sentence of twenty-five years at hard labor for possession of 256.6 grams of cocaine. The facts established at trial that the defendant had come to New Orleans from Florida to set up a cocaine distribution operation from which he would reap significant benefits. The defendant had a prior drug conviction in Florida and had employed or associated with others having histories of drug violations. The trial judge commented upon the ruthlessness and ugly side of drug dealing as exemplified by the defendant’s case.
At defendant’s sentencing hearing, the trial judge noted that defendant had twelve prior felony convictions going back to 1957. (However, it appears that defendant had only ten prior felony convictions.) These included convictions for simple burglary in 1975, 1980 and 1981; receiving stolen things in 1974; contributing to the delinquency of a juvenile in 1969; carnal knowledge of a juvenile in 1968; attempted simple burglary in 1963; burglary of a post office in Texas in 1963; larceny in Pennsylvania in 1960; and breaking and entering in New Jersey in 1958. Defendant also had a number of misdemeanor convictions including one for misdemeanor theft in 1984.
The trial judge reviewed the sentencing criteria set forth in LSA-C.Cr.P. art. 894.1. He concluded that there was an undue risk that defendant would commit another crime if he were given a suspended sentence or probation; that defendant was in need of a custodial environment; that a lesser sentence would deprecate the seriousness of the crime; that there was no provocation or entrapment; that defendant’s history of criminal conduct spans most of his adult life; and that defendant would not respond favorably to probationary treatment. The trial judge stated that the inferences from the testimony indicated defendant was actively engaged in the trafficking of narcotics. The trial judge also noted defendant was over fifty years old. The trial judge concluded that, under the circumstances presented, a severe sentence was in order and thus imposed the maximum sentence under LSA-R.S. 40:967. Under these circumstances, we cannot conclude that the trial judge abused his discretion in sentencing defendant to thirty years at hard labor for distribution of cocaine. This assignment of error is without merit.

Pro Se Assignment of Error

Defendant has filed three pro se briefs.
In his first brief, defendant sets out two assignments of error. In the first assignment of error, defendant complains the trial court erred in refusing to maintain a challenge for cause as to Betty Bubrig because she was too influential with the other jurors. This assignment of error is without merit because Ms. Bubrig did not serve as a juror and thus there was no prejudice as to defendant.
In the second assignment of error, defendant complains that the trial court erred in asking for prospective jurors by name. Defendant refers to the voir dire testimony of Donna Encalade, one of the deputy assessors who was called as a tales juror. Ms. Encalade testified that Mareie Reboux of the Sheriff’s Office came into the Assessor’s Office, told her that three jurors were needed and that the trial judge named the three people he wanted. The next day, the trial judge stated he instructed that certain individuals from the Assessor’s Office were not to come because those individuals either were exempt from service as public officials or had previously served as jurors.
Defendant argues that the trial judge’s request that certain persons be brought in as tales jurors resulted in biased jurors and thus made acquittal impossible. This contention is not supported by the record. It appears that the trial judge’s action was to avoid inconvenience and delay by not having those persons exempt from jury service brought in as tales jurors. This assignment of error is without merit.
In his second brief, defendant assigns as his sole error the failure of the State to disclose evidence beneficial to him in his defense. Defendant claims the State withheld evidence which would have impeached the credibility of Detective Charles *576 Russo in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Defendant has attached to his brief a newspaper article from the Times-Picayune, dated January 6, 1990, about Operation Zero Tolerance in St. Bernard Parish and Detective Russo. The article contains comments critical of Detective Russo and the manner in which he conducted an undercover drug investigation.
In light of the fact that this article was published several months after defendant’s trial, there is no basis for concluding that the State possessed information which would have impeached the credibility of Detective Russo at the time of defendant’s trial. This assignment of error is without merit.
In his third brief, defendant complains that the trial judge improperly commented on the evidence, failed to grant a mistrial based on “manifest necessity,” and gave a prohibited jury charge. All of these alleged errors apparently relate to the trial judge’s charging the jury as to “attempt” in which the trial judge stated:
Because an attempt is a lesser grade of the intended offense, the defendant may be convicted of any attempt, although it appears at trial that the defendant actually committed the completed offense which he is charged with attempting to commit.
Thus, in order to convict the defendant of attempted distribution of cocaine, you must find that: Mr. Bobb had a specific intent to commit distribution of cocaine. And that he did or omitted an act for the purpose of intending directly towards the completion of the crime of distribution of cocaine. And that whatever he did or did not do, was more than mere preparation to commit a crime.
Defendant apparently argues that through this jury charge, the trial judge told the jury that he believed the defendant was guilty and that the remark was thus prejudicial to the defendant.
No objection was made to this or any of the jury charges, and no motion for mistrial was made. Therefore, defendant is precluded from raising these alleged errors on appeal. State ex rel. Ross v. Blackburn, 403 So.2d 719 (La.1981).
Finally, defendant lists as error “removal of the jury” and refers to C.Cr.P. art. 794, which requires removal of the jury from the courtroom at the request of the State or the defendant when the trial court is hearing matters to be decided by it alone. Because the defendant does not point to any specific failure of the trial court to order the removal of the jury upon request for such removal, this assignment of error is deemed abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.
For the reasons discussed above, the judgment of the trial court is affirmed.
AFFIRMED