Dear Ms. Adams:
Please be advised that the office of the Attorney General is in receipt of your opinion request regarding the following questions:
 1. Is the La. Code of Evidence Article 803(4) hearsay exception limited to doctors or does it extend to other appropriately trained "health care providers"?
 2. May a Sexual Assault Nurse Examiner (SANE) testify as to statements, within the parameters of Article 803(4), made by a sexual assault victim, when the declarant is "unavailable"?
In response to your first question, there is no statutory law in Louisiana that specifically states whether this exception applies only to doctors or applies to any health care provider associated with the medical treatment or diagnosis. However, in State v. Thom, 615 So.2d 355
(La.App. 5 Cir. 1993), the court allowed into evidence statements made by the victim to a nurse, which were pertinent to the treatment of her physical and psychological injuries. Further, Comment (e) under La. Code of Evidence Article 803(4) specifically states that, "The person to whom the statement is made need not be a physician for this Paragraph to apply, provided that the statement is made in connection with medical treatment. Therefore, article 803(4) can include a SANE or any other appropriately trained "health care provider."
In regard to your second question, under La. C. E. Art. 803(4), it is irrelevant as to whether the declarant is available as a witness. More specifically, it is immaterial as to whether a sexual assault victim is available to appear as a witness, as long as the statements were made for the purpose of medical treatment and medical diagnosis in connection with treatment. It also must be noted that before any statement can be admissible, patients must voluntarily waive the health care provider-patient privilege in accordance with La. C. E. Art. 510.
Where criminal charges are involved, it is also important to make reference to Louisiana Constitution, Article I, Section 16, which provides in part, "An accused is entitled to confront and cross examine the witnesses against him, to compel the attendance of witnesses ." This constitutional provision, as well as the additional federal right to confront witnesses, outweighs any statutory hearsay exception, including La. C. E. Art. 803(4). It is important to note that in each of the cases cited below, in which courts have allowed health care providers to testify about statements made for diagnosis and treatment, the victim also testified. The concern that courts have shown about these types of hearsay statements is stated by the Louisiana Supreme Court in State v.Watley, 301 So.2d 332 (La. 1974), which states in pertinent part:
 The use of hearsay history of the case as told to the physician by the patient may be admissible if received not to show the truth of the facts stated but only the basis for his opinion, but all of the hearsay history not necessary to this diagnosis is inadmissible...
In defining what constitutes statements made for the purpose of medical treatment and medical diagnosis in connection with treatment, Louisiana statutory law is again silent. Therefore, courts look to the particular statements of the victims to assess what in fact was made in furtherance of their assessment, diagnosis, and treatment.
The court in State v. Bennett, 591 So.2d 783, (La.App. 4 Cir. 1991), applied the principal of State v. Watley. This court determined that statements directly establishing the occurrence of a rape were admissible. They reasoned that these statements were allowed to show the purpose for the rape examination. However, the court declared as inadmissible statements regarding facts leading up to the rape.
Hence, it is the opinion of this office that although the declarant's availability is immaterial, the scope of hearsay statements allowed as admissible have been narrowly tailored to only those statements made "for the purpose of medical treatment and medical diagnosis in connection with treatment" in light of constitutional rights of confrontation and cross-examination by a criminal defendant.
I hope this opinion has been helpful. If I may be of further assistance, please do not hesitate to contact my office.
With warmest regards, I remain
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ JIMMY D. WHITE Assistant Attorney General